## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **KATHERINE FARNER, Individually** | § | |
| **and On Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| | § | **CIVIL ACTION** |
| *Plaintiff*, | § | |
| | § | **CASE NO. 22-cv-00369** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **CHCA BAYSHORE, L.P. d/b/a HCA** | § | |
| **HOUSTON HEALTHCARE** | § | |
| **SOUTHEAST and HEALTHTRUST** | § | |
| **WORKFORCE SOLUTIONS, LLC,** | § | |
| | § | |
| *Defendants*. | § | |

## INTRODUCTION

1.     Plaintiff Katherine Farner ("Plaintiff") brings this class and collective action on behalf of herself and other similarly situated individuals who have worked for CHCA Bayshore, L.P. d/b/a HCA Houston Healthcare Southeast and/or HealthTrust Workforce Solutions, LLC (collectively "Defendants") as registered nurses, licensed vocational nurses ("LVNs"), license practical nurses ("LPNs"), and other similar non-exempt hourly employees with direct patient care duties[1] at any time beginning four years before the filing of this complaint until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated nurses have been denied payment for all hours worked, including overtime, were subject to improper deductions from wages, and were denied bona fide meal periods. This case implicates the longstanding policy of Defendants, which fail to properly compensate non-exempt employees for work during meal periods and for work performed while "off-the-clock."

---

[1]     While the precise job titles may differ, Plaintiff hereinafter uses the term "nurse" or "nursing staff" interchangeably in referencing any of these similarly situated employees.

2.     Employers are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendants do not provide bona fide meal periods for its nurses who are responsible for direct patient care. Nurses who work for Defendants are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock." Rather than making nurses clock out for their meal periods then clock back in at the end of a meal period, Defendants assume nurses are able to find a 30-minute block of time to enjoy a bona fide meal period. In fact, this does not typically occur. Defendants even go so far as to pressure nurses to falsely state at the end of their shifts that they received a meal break when the nurses did not receive a meal break during which they are fully relieved of all duties. Nonetheless, Defendants deduct 30 minutes from nurses' shifts for a meal period, when in fact nurses remain on duty and are continuously subject to interruption during that time. Defendants instituted policies and practices that result in nurses being responsible for patient care throughout their shift, even when they attempt to have a bite to eat.

3.     Defendants' policies and practices result in nurses being denied wages due under the Fair Labor Standards Act ("FLSA") and Texas common law. Under this policy, non-exempt nurses involved in direct patient care are not completely relieved of duties during meal periods and are denied pay for those on-duty meal periods. Defendants continue to require nurses responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

4.     Defendants violated the FLSA and state law by knowingly and willfully permitting Plaintiff, Class, and Collective members to perform work and/or remain on duty during their meal breaks, subjecting them to interruptions during their meal breaks. Plaintiff, Class, and Collective members also performed work before clocking in and after clocking out for which they were not

compensated. Defendants had notice that Plaintiff, Class, and Collective members expected to be paid for their work on an hourly basis. Defendants received the value of Plaintiff, Class, and Collective members' work performed during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff, Class, and Collective members for work performed.

5.    Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the putative Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207 (a).

6.    Defendants' conduct violated and continues to violate Texas state law because Defendants' conduct constitutes wage theft, as that term is understood under Texas common law.

7.    In addition, Plaintiff, Class, and Collective members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Plaintiff, Class, and Collective members perform this off-the-clock work, but do not pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA and Texas state law.

8.    Therefore, Plaintiff files this action to recover on behalf of herself, Class, and Collective members, all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff, Class, and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and/or 29 U.S.C. § 216(b) as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are not preempted by the FLSA because Plaintiff seeks to recover back wages under Texas state law to the extent those state law claims do not overlap with the FLSA's overtime provisions. Specifically, Plaintiff's state law claims only seek to recover unpaid wages during weeks when the Plaintiff and Class members did not work 40 total hours and would thus not constitute overtime pay under the FLSA.

10.     In addition to or in the alternative, this Court has subject matter jurisdiction over the state law claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Under CAFA, this Court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and at least one of the Defendants are citizens of different states. Moreover, the number of proposed class members is believed to exceed 100.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendants operate hospitals within this district, employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

12.     Plaintiff Katherine Farner is an individual residing in Beach City, Texas and is a citizen of Texas. Ms. Farner was employed as a registered nurse by Defendants at Bayshore

Medical Center from June 2021 through February 2022, and from September 2022 through the present. Plaintiff's written consent to join this collective action is attached as Exhibit A.

13.    The putative FLSA Collective members are people who are or who have been employed by Defendants as registered nurses, LVNs, LPNs, and other similar hourly and non-exempt employees with direct patient care responsibilities in the United States within the three years preceding the filing of this Complaint.

14.    The Rule 23 Class members are people who are or who have been employed by Defendants as registered nurses, LVNs, LPNs, and other similar hourly and non-exempt employees with direct patient care responsibilities within the State of Texas within the four years preceding the filing of this Complaint.

15.    Defendant CHCA Bayshore, L.P. is a Delaware limited partnership doing business as HCA Houston Healthcare Southeast. Upon information and belief, CHCA Bayshore, L.P. is a citizen of the states of Tennessee and Delaware, and is not a citizen of the State of Texas. CHCA Bayshore, L.P. may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas. Upon information and belief, CHCA Bayshore, L.P. owns, leases, and/or operates hospitals throughout the greater Houston area where Class and Collective members work, including but not limited to Bayshore Medical Center, East Houston Regional Medical Center, Midwives Care Center, Women's Care Center, HCA Houston Rehabilitation Hospital Southeast, and other medical facilities.

16.    Defendant HealthTrust Workforce Solutions, LLC is a Tennessee limited liability company that is registered with the Texas Secretary of State and does business in Texas. Upon information and belief, HealthTrust Workforce Solutions, LLC is a citizen of Tennessee and is not a citizen of Texas. HealthTrust Workforce Solutions, LLC may be served with process through its

registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas. Upon information and belief, HealthTrust Workforce Solutions, LLC recruits, hires, and employs potential Class and Collective members in the State of Texas to work at hospitals owned, leased, and/or operated in Texas by CHCA Bayshore, L.P.

17.     At all material times, defendants have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

18.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

19.     Plaintiff, Class, and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

20.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21.     Defendants acted as joint employers of Plaintiff, Class, and Collective members because all Defendants jointly, directly, or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

22.     Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

23.     In addition to Plaintiff, Defendants have employed numerous other employees in Texas, who like Plaintiff, are nurses engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

24.     At all material times, Plaintiff, Class, and Collective were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

25.     Defendant CHCA Bayshore, L.P. owns, operates, and/or manages numerous hospitals in the greater Houston area.

26.     Defendant HealthTrust Workforce Solutions, LLC interviews, screens, and hires nurses, affirmatively states that it employs those nurses, sets the initial conditions of the nurses' employment, pays the nurses an hourly wage, and assigns those nurses to work at the various hospitals in the HCA Houston Healthcare Southeast network of hospitals. HealthTrust Workforce Solutions, LLC also provides basic onboarding training to Plaintiff, Class, and Collective members on HCA Houston Healthcare Southeast's basic overtime, meal break, and timekeeping policies and practices.

27.     Once a nurse is assigned to one of the hospitals within the HCA Houston Healthcare Southeast network of hospitals, CHCA Bayshore, L.P. retains control over the nurses' conditions of employment, sets rules, policies, and practices that the nurses are required to follow, exercises the ability to fire and/or discipline the nurses, and pays the nurses' wages.

28.     Together, Defendants employ hundreds of hourly non-exempt nurses similar to Plaintiff across these medical facilities.

29.     Defendant CHCA Bayshore, L.P. employs a payroll policy of not compensating nurses for work performed during their meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods. Lunch breaks of 30-minutes are automatically deducted from nurse's time, regardless of whether the nursing staff remain on-duty

and working during that time. This policy applies to all hourly paid, non-exempt nursing staff who are responsible for patient care.

30.    In practice, non-exempt employees involved in direct patient care like Plaintiff are not permitted to take a bona fide 30-minute uninterrupted meal break due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal break, they remain on duty in that they are required to remain alert, responsive, and are required to actually respond to calls from their patients, doctors, patients' families, other nursing staff and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies that arise. In a hospital environment, emergencies arise on a regular basis.

31.    Defendants' managers are aware, either through direct knowledge or constructive knowledge, that nurses like Plaintiff do not receive meal breaks wherein the nurses are fully relieved of all patient care duties. The managers and supervisory employees overseeing the nurses witness nurses working through breaks, being interrupted during breaks, and being "interruptible" during their breaks. The managers and supervisory employees know that nurses have an affirmative duty and obligation to remain responsible for their patients at all times throughout their shifts, and therefore know that nurses cannot truly be relieved of all duties during a temporary meal break. In many instances, managerial and/or supervisory employees such as charge nurses or nursing directors cause the interruption. Despite this knowledge, Defendants do not pay the nurses for such interruptions and/or interruptible meal breaks, and apply the automatic time deduction for each shift worked. While Defendants may give Plaintiff, Class, and Collective members the facial choice to notate when they did not receive a fully compliant meal break, Defendants discourage Plaintiff, Class, and Collective members from taking corrective action to reverse the deduction.

32.     Further, Defendants instituted additional timekeeping policies and/or practices wherein nurses are encouraged to perform substantial work while off-the-clock. For example, at Bayshore Medical Center, Plaintiff and other nurses were encouraged by managers and supervisors to only record 36 total "on the clock" hours, but after hitting the 36-hour on-the-clock mark, the managers and supervisors nonetheless required nurses like Plaintiff to clock out and continue working, including performing their primary patient care duties, complete their charting responsibilities, and to do other work that primarily benefits Defendants. Despite being encouraged to record only 36 "on the clock" hours, Plaintiff and other nurses in her unit regularly worked over 40 hours per week and often upwards of 50 hours per week. Plaintiff has worked for multiple units at Bayshore Medical Center and has personal knowledge that this practice was not limited to a single unit or single manager.

33.     Plaintiff was employed by Defendants as a registered nurse at Bayshore Medical Center in the post-surgical unit from approximately June 2021 through February 2022. Plaintiff later returned to work at Bayshore Medical Center in approximately September 2022 as a part-time registered nurse in the neuro-ortho unit. From June 2021 to February 2022, Plaintiff's regular hourly rate of pay was $29.50 per hour and she worked, on average, three-to-four shifts per week and 12.5 hours per shift. From September 2022 through the present, Plaintiff's regular hourly rate of pay is approximately $39 per hour. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring bloodwork and patient test results, and responding to emergency situations.

34.     Plaintiff was subjected to Defendants' time, pay, meal break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to

interruptions during attempted meal breaks, and in fact was interrupted or denied meal breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendant's knowledge and was denied compensation for the time she spent engaged in this work.

35.     Plaintiff's, Class, and Collective members' "off-the-clock" work included work related to the "36 on-the-clock hour" practice where nurses perform direct patient care duties, restocking supplies, preparing and organizing equipment, monitoring patients, assisting other hospital staff, charting, and performing other various tasks performed after clocking out in order to comply with the "36 hour rule." Plaintiff, Class, and Collective members were not compensated for this work performed outside of their recorded hours.

36.     Class and Collective members were and are employed by Defendants and performed work materially similar to Plaintiff.

37.     Plaintiff, Class, and Collective members report to a hospital or clinical facility owned, operated, or managed by CHCA Bayshore, L.P. to perform their jobs.

38.     Plaintiff, Class, and Collective members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

39.     Plaintiff, Class, and Collective members are required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

40.     At the end of each pay period, Plaintiff, Class, and Collective members receive wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

41.     Defendants pay Plaintiff, Class, and Collective members on an hourly rate basis.

42.    Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked four shifts per week and 12.5 hours per shift at least once per month, and sometimes more.

43.    Each FLSA Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

44.    When Plaintiff and Collective members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate due to their failure to include time worked during meal periods and "off-the-clock" work in the total hours of time worked in a given work week. This unpaid time is compensable under the FLSA because (a) Plaintiff and Collective members were not completely relieved of their duties during their unpaid meal breaks, (b) they were interrupted or subject to interruptions with work duties during any attempted meal period, (c) they entirely skipped the meal periods due to work demands, and (d) the other off-the-clock work was performed with Defendants' knowledge, either direct or constructive.

45.    Throughout the relevant time period, Defendants expected and required Plaintiff, Class, and Collective members to be available to work during their entire shifts, even during any attempted on-premises meal breaks. These 30-minute intervals of deducted time constitute compensable time under the FLSA, which requires that employers compensate employees for all time worked. They also constitute compensable time under Texas state law because (a) defendants breached an implied agreement with Plaintiff and Rule 23 Class Members by not paying them the agreed hourly rate for all hours worked, or, in the alternative, (b) Defendants received and accepted the value of Plaintiff and Class Members' unpaid work with reasonable notice that Plaintiff and

Class members expected to be paid for all hours worked, or, in the alternative, (c) Defendants have been unjustly enriched by received the benefits of Plaintiff's and Class embers' unpaid work.

46.     Defendants have employed hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

47.     Defendants' method of paying Plaintiff, Class, and Collective members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or Texas law.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly-paid, non-exempt registered nurses, LVNs, LPNs, and other similar hourly and non-exempt employees with direct patient care responsibilities employed by CHCA Bayshore, L.P. and/or HealthTrust Workforce Solutions, LLC at any facility owned, operated, and/or managed by CHCA Bayshore, L.P. at any time from three years prior to the filing of the Original Complaint until final resolution of this action.**

49.     Defendants have not compensated these employees for the unpaid meal breaks and "off-the-clock" work as described above.

50.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by FLSA Class members.

51.     Plaintiff and the proposed Collective members have the same primary job duties in providing direct patient care to Defendants' patient customers.

52.     Plaintiff and the proposed Collective members undergo the same basic onboarding and orientation training provided by HealthTrust Workforce Solutions, LLC.

53.    Plaintiff and the proposed Collective members are subject to many of the same timekeeping and payroll policies and practices instituted by CHCA Bayshore, L.P., including the automatic time deduction policy and upon information and belief the "36 total on-the-clock hours" practices.

54.    Plaintiff has actual knowledge that proposed Collective members have been denied compensation for time worked, including meal breaks worked, interrupted, and/or subject to interruption, as well as work performed while "off-the-clock." In addition, Plaintiff has actual knowledge that Collective members have been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination, discrimination, or other forms of retaliation.

55.    Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

56.    Other non-exempt nurses employed by Defendants work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for unpaid meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other non-exempt nurses employed by Defendants also performed compensable overtime work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

57.    Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their

hours worked over forty for meal breaks that were interrupted due to work demands and for "off-the-clock" work.

58.    Collective members regularly work or have worked in excess of forty hours during a workweek.

59.    Collective members are not exempt from receiving overtime compensation under the FLSA.

60.    Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of the individual Collective members.

61.    Although Plaintiff and Collective members may have different specific job titles and/or work in different facilities or units within those facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

    a.    Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

    b.    Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

    c.    Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and

policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members;

d.    Defendants controlled the meal break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break work they performed; and

e.    Defendants implemented the "36 total on-the-clock hours" practice.

62.    The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

63.    Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted, interruptible, or missed meal breaks.

64.    Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

65.    Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

66.    Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligations to legally compensate their employees for all overtime hours worked. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy, or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock".

67.    As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include hundreds of nurses. The precise number of Collective members is readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names, addresses, and other contact information of the Collective members are discoverable from Defendants' records. Given the composition and size of the Collective, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

68.    Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Class that Plaintiff seeks to represent is defined as follows:

### Registered Nurse Class:

**All current and former hourly, non-exempt registered nurses employed by Defendants in Texas at any time starting four years prior to the filing of this Complaint until final resolution of this action.**

### LVN/LPN Class:

**All current and former hourly, non-exempt licensed vocational nurses and/or licensed practical nurses employed by Defendants in Texas at any time starting four years prior to the filing of this Complaint until final resolution of this action.**

69.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

70.    <u>Numerosity:</u> The potential members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. The volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

71.    <u>Commonality:</u> There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

      i.    Whether Defendants had a policy and practice of requiring nurses to remain on duty during unpaid meal breaks by subjecting them to interruptions;

      ii.    Whether Defendants had a policy and practice of requiring nurses to perform work while off-the-clock at the direction of managers and supervisors;

      iii.    Whether remaining available to tend to patient health and safety issues provides a valuable service to Defendants;

      iv.    Whether Defendants directed, required, requested, and/or permitted Plaintiff and Class members to work during unpaid meal breaks;

      v.    Whether Defendants knew or should have known that Plaintiff and Class members were not compensated for work performed during unpaid meal breaks;

vi.     Whether Defendants knew or should have known that Plaintiff and Class members were not compensated for work performed "off-the-clock";

vii.    Whether agreements existed between Plaintiff and Class members concerning payment for work performed during unpaid meal breaks, and whether Defendants breached such agreements;

viii.   Whether Defendants derived a benefit from the nurses being required to respond the needs of patients during their unpaid meal periods pursuant to professional codes of conduct and hospital policies;

ix.     Whether valuable services were rendered to Defendants by the Plaintiff and Class members during unpaid meal break times, and whether Defendants accepted the benefit of Plaintiff's and Class members' unpaid services.

x.      Whether Defendants were unjustly enriched by Plaintiff's and Class members' unpaid work; and

xi.     The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

72.     Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the Class members. Like the Class members, Plaintiff worked as a nurse for Defendants in the class definition during the relevant time period. Like the Class members, Plaintiff was subject to the identical company-wide policy requiring nursing staff to remain on duty during unpaid meal periods, and were subject to interruptions during such times. Like the Class members, Plaintiff was subject to the same professional code of conduct and company policies requiring nurses to tend to

the care of their patients even during the unpaid meal periods. The other facts outlined above likewise apply equally to both the Plaintiff and Texas Class members.

73.     Adequacy of Representation: Plaintiff seeks declaratory relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

74.     Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

75.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible of conduct for Defendants.

76.     If each individual Class member were required to file an individual lawsuit, Defendants would gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

77.     Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## CAUSES OF ACTION

### COUNT ONE:
### VIOLATIONS OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION FOR
### IMPROPER AUTOMATIC TIME DEDUCTIONS
### (FLSA COLLECTIVE ACTION)

78.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

79.     Plaintiff and Collective members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

80.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

81.     Throughout the relevant time period, Defendants expected and required Plaintiff and Collective members to be available to work and/or be on duty during their promised meal and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

82.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

83.    Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

84.    Defendants violated and continue to violate the FLSA when they fail to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

85.    Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective and FLSA Class members' claims.

86.    Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

87.    Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgement awarded.

**COUNT TWO:**
**VIOLATIONS OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION FOR**
**"OFF-THE-CLOCK" WORK**
**(FLSA COLLECTIVE ACTION)**

88.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

89.    Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but were not limited to, monitoring patients, assisting hospital personnel, reviewing or completing charting,

and restocking supplies. Plaintiff was directed by Defendants' managers and/or supervisors to perform such work while off-the-clock.

90.    Plaintiff was actively discouraged from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift, before she clocked in and after she clocked out. Upon information and belief, Defendants treated Collective members similarly with respect to "off-the-clock" work.

91.    Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work for which she was not compensated. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

92.    Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

93.    Defendants' failure to pay overtime to Plaintiff and Collective members, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

94.    Because of Defendants' willful violation, Plaintiff and Collective members are also due to additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

95.    Plaintiff and Collective members are further entitled to reasonable attorney's fees and costs of the action in addition to any judgement awarded.

## COUNT THREE:
## QUANTUM MERUIT
## FAILURE TO PAY WAGES
## (RULE 23 CLASS ACTION)

96.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

97.     Plaintiff and Class members performed valuable services for Defendants during their unpaid meal break periods.

98.     Plaintiff and Class members performed valuable services while "off-the-clock" for which they were not compensated.

99.     These services had a reasonable value of no less than the agreed hourly rate.

100.    Defendants accepted and retained the benefit of Plaintiff's and Class members' performance of these valuable services.

101.    Upon information and belief, no written contract exists between Plaintiff and Defendants, and Class members and Defendants, regarding the provision of services during unpaid on-premises meal break periods.

102.    Likewise, upon information and belief, no formal written contract exists between Plaintiff and Defendants, and Class members and Defendants, regarding the "off-the-clock" work described herein.

103.    Defendants had reasonable notice and/or knowledge that Plaintiff and Class members expected to be compensated for services rendered for Defendants.

104.    Defendants failed to pay Plaintiff and Class members the reasonable value of the services performed during unpaid meal break periods and while "off-the-clock."

105.    Plaintiff and Class members are entitled to recover damages under this claim for the last four years.

106.    With respect to this claim, Plaintiff is only seeking damages for weeks during which the Plaintiff worked less than 40 total hours.

107.    Plaintiff and Class members are entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 38.001.

## COUNT FOUR:
## MONEY HAD AND RECEIVED
## (RULE 23 CLASS ACTION)

108.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

109.    Defendants received money from its patients and their agents for the work performed by Plaintiff and Class members during their unpaid on-premises meal breaks and while "off-the-clock," while Defendants refused to pay Plaintiff and Class members for such work.

110.    Defendants hold money that in equity and good conscience belongs to Plaintiff and Class members due to Defendants' refusal to pay Plaintiff and Class members for all hours worked.

111.    Plaintiff and Class members are entitled to recover damages under this claim.

112.    Plaintiff and Class members are entitled to declaratory relief finding Defendants violated Texas law.

113.    With respect to this claim, Plaintiff is only seeking damages for weeks during which the Plaintiff worked less than 40 total hours.

114.    Plaintiff and Class members are entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 37.009.

## COUNT FIVE:
## UNJUST ENRICHMENT
## (RULE 23 CLASS ACTION)

115.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

116.    Defendants have been unjustly enriched at the expense of Plaintiff and Class members by refusing to pay for work performed by Plaintiff and Class members during unpaid meal periods and for work performed while "off-the-clock."

117.    Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and Class members during unpaid meal periods and work performed while "off-the-clock," despite Defendants' policy and practice of failing to pay Plaintiff and Class members for such work. In particular, Defendants received the benefit of the labor and services provided to Defendants' customers (patients) by the Plaintiff and Class members.

118.    Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendants.

119.    It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff and Class members.

120.    Defendants should be ordered to disgorge those benefits to Plaintiff and the Class.

121.    With respect to this claim, Plaintiff is only seeking damages for weeks during which the Plaintiff worked less than 40 total hours.

122.    Plaintiff and Class members are also entitled to declaratory relief finding Defendants violated Texas law.

123.    Plaintiff and Class members are further entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 37.009.

## **RELIEF SOUGHT**

124.    Plaintiff and Collective members are entitled to recover their unpaid overtime wage compensation.

125.    Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

126.    Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

127.    Plaintiff and Collective members are entitled to declaratory relief stating Defendants' policies and practices as described herein are unlawful and in violation of the FLSA.

128.    Plaintiff and Rule 23 Class members are entitled to recover damages flowing from the reasonable value of the services they provided, all monies held by Defendants that rightfully belong to Plaintiff and Class members, the value by which Defendants were unjustly enriched by receiving the unpaid labor, attorney's fees and costs, pre-judgment and post-judgment interest as provided by Texas law, and such other relief the Court deems fair and equitable.

129.    Plaintiff and Class members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

130.    Plaintiff and Class members are also entitled to an award of reasonable attorneys' fees and costs pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.009 and/or 38.001.

**JURY DEMAND**

131.    Plaintiff hereby requests a trial by jury.

**PRAYER**

132.    For these reasons, Plaintiff, Class, and Collective members respectfully request that judgment be entered in their favor awarding the following relief:

        i.    An order preventing Defendants from retaliating in any way against Plaintiff and any putative Class or Collective member who joins or elects

not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii.     An order designating this action as a collective action on behalf of the Collective members and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

iii.    For declaratory judgment that Defendants violated the FLSA as alleged herein;

iv.     An order finding Defendants' violated the FLSA willfully;

v.      All unpaid wages and remuneration due under the FLSA;

vi.     An equal amount as liquidated damages as allowed under the FLSA § 216(b);

vii.    Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA § 216(b);

viii.   An order certifying the state law claims in this matter as a class action under Rule 23 of the Federal Rules of Civil Procedure;

ix.     An order finding that Defendants violated Texas law;

x.      All unpaid regular wages due under Texas law to the extent same does not duplicate regular wages due under the FLSA, if any;

xi.     All unpaid overtime wages due under Texas law to the extent same does not duplicated overtime wages due under the FLSA;

xii.    Disgorgement of Defendants' ill-gotten gains as described herein;

xiii.   All attorneys' fees, costs and disbursements as provided by Texas law;

xiv.    Pre- and post-judgment interest as provided by Texas law; and

xv.     Such other and further relief to which Plaintiff and Collective and Class

members may be entitled at law or in equity.

Date: October 10, 2022                              Respectfully submitted,

                                                    HODGES & FOTY, LLP

                                                    */s/ William M. Hogg*
                                                    Don J. Foty
                                                    Federal ID No. 711552
                                                    William M. Hogg
                                                    Federal ID No. 3060906
                                                    4409 Montrose Boulevard, Suite 200
                                                    Houston, Texas 77006
                                                    Tel: (713) 523-0001; Fax: (713) 523-1116
                                                    dfoty@hftrialfirm.com
                                                    whogg@hftrialfirm.com

                                                    *Attorneys for Plaintiff, Class, and Collective*
                                                    *Members*